JACOB BUNDICK, ESQ.
Nevada Bar No. 9772
MICHAEL R. HOGUE, ESQ.
Nevada Bar No. 12400
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
E-mail: bundickj@gtlaw.com; hoguem@gtlaw.com
*Attorneys for Defendant Nationstar Mortgage, LLC*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MURRAY D. FORD and GEORGINA FORD, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant. | CIVIL NO. 2:16-cv-00344-RFB-PAL |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs Murray D. Ford and Georgina Ford ("Plaintiffs') and Defendant Nationstar Mortgage, LLC ("Nationstar") as follows:

1.  The "Litigation" shall mean the above-captioned case, *Murray D. Ford and Georgina Ford v. Nationstar Mortgage, LLC*, Case No. 2:16-cv-00344-RFB-PAL in the United States District Court for the District of Nevada.

2.  "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily

Page 1

*Greenberg Traurig, LLP*
*Suite 400 North, 3773 Howard Hughes Parkway*
*Las Vegas, Nevada 89109*
*(702) 792-3773*
*(702) 792-9002 (fax)*

or through discovery or other means, in connection with this Litigation.  A draft or non-identical copy is a separate document within the meaning of these terms.

3.      "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel.  Any "Party" that is a corporate or limited liability entity shall only include upper level management officers and personnel that are supporting witnesses to the Party in the Litigation.  "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4.      The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") that shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order.  Confidential information is information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information.

5.      CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL" or by including the word "Confidential" in the name of a natively produced document and by including a field for any confidential designations in the corresponding load-file.

6.      Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately.  Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition or within ten (10) business days of receipt of the

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420727656v1

1   transcript.  All testimony taken from the time of the deposition until the transcript is issued by

2   the Court reporter shall be presumed CONFIDENTIAL during this interim period, with such

3   confidentiality designation to expire  if no Party designates the testimony CONFIDENTIAL

4   within the 10 business days as required by this Paragraph.

5           7.      CONFIDENTIAL Information shall be maintained in strict confidence by the

6   Parties who receive such information, shall be used solely for the purposes of this Litigation, and

7   shall not be disclosed to any person except:

8           (a)      The United States District Court for the District of Nevada, or any other

9   court to which this matter may be transferred (the "Court"), and persons assisting the Court or

10  assisting in the Litigation process (including, but not limited to, Court personnel, court reporters,

11  stenographic reporters, videographers, and electronic filing personnel);

12          (b)      In the event of an appeal, the Ninth Circuit Court of Appeals (the

13  "Appellate Court") and/or the United States Supreme Court (the "Supreme Court") and persons

14  assisting the Appellate Court, or the Supreme Court or assisting in the Litigation process

15  (including, but not limited to, Appellate and Supreme Court personnel, court reporters,

16  stenographic reporters, videographers, and electronic filing personnel);

17          (c)      The attorneys of record in this Litigation and their co-shareholders, co-

18  directors, partners, employees, and associates who are assisting in the Litigation (collectively

19  hereafter referred to as "Outside Counsel");

20          (d)      A Party, or an officer, director, or employee of a Party or of a Party's

21  affiliate, as long as any such person agrees to be bound by the terms and conditions of this

22  Agreement;

23          (e)      Subject to the terms of Paragraph 12 below, experts or consultants and

24  their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside

25  Counsel in this Litigation for the purposes of this Litigation;

26

27

28                                              Page 3

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

(f)      Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(g)      Any other person, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification.   In the event of an objection, the Producing Party shall have the right to move the Court for a protective order, and no disclosure shall be made pending the resolution of such motion for protective order.   Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 12 below.

8.      If a witness is providing or is provided CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition.   Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

9.      All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith.

10.      A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information. The written notice shall identify the Information to which the objection is made.   If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420727656v1

be subject to the terms of this Protective Order.    If such a motion is filed within ten (10) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.    If the designating party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.    In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

11.    While protected by this Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose or use in any other lawsuit.  Documents and Information previously produced by the parties may be designated "Confidential" within 30 days after the date of this Order.

12.    With respect to outside experts or other persons pursuant to Paragraph 7(g), to become an authorized expert or other person entitled to access to CONFIDENTIAL Information, the expert or other person must be provided with a copy of this Order and must sign a certification acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order.  The Party on whose behalf such a Certification is signed shall retain the original Certification.

13.    Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received (as an addressee or by way of copy) such Information.

14.    The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information.  If a Producing Party, through inadvertence, produces any CONFIDENTIAL

LV 420727656v1

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received.  Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement.  A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

15.    A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

16.    Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

17.    If CONFIDENTIAL Information is contained in any brief or other paper to be filed in the public record of the Court by a Party, ~~the CONFIDENTIAL Information will be redacted from such brief or other paper and shall be appropriately marked and separately filed in a sealed envelope~~.  The envelope shall set forth on its face the case caption, the title of the paper, a notation that the paper is filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal.  When e-filing, a Party shall file a 1-page cover sheet stating that the CONFIDENTIAL Information was e-filed under seal, and then deliver the aforementioned envelope containing the CONFIDENTIAL Information to chambers and/or to the clerk of the Court.  Upon or before tendering such CONFIDENTIAL Information to the Court for filing, the Party shall file a motion with the Court to obtain leave to file it under seal.  Such motion shall be made in compliance with applicable Court Rules.  If such leave is not timely obtained, then the

Stricken by the court. The parties shall comply with the provisions of LR IA 10-5.

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420727656v1

Party desiring to file the CONFIDENTIAL Information shall confer in good faith with the Producing Party to determine how such Information otherwise may be provided to the Court.  If the Court ultimately refuses to allow such Information to be filed under seal, then it may be filed not under seal. The foregoing shall not apply to CONFIDENTIAL Information submitted to the Court in the parties' Confidential Settlement Statements, if applicable.

18.     This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

19.     If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure.  The Party required to disclose any CONFIDENTIAL Information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

20.     Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL Information through discovery shall, upon request, return all such CONFIDENTIAL Information to the Producing Party or certify as to its destruction.  Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

LV 420727656v1

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

21.     The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

22.     The inadvertent production of any Information during discovery in this action shall be without prejudice to any claim that such Information is subject to the attorney-client privilege or is protected from discovery as attorney work product.  No Party shall be held to have waived any rights by such inadvertent production.  Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Producing Party or permitted by the Court.  Any such inadvertently produced Information shall be returned by the Receiving Party within three business days of any written request therefore.  The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

Page 8

LV 420727656v1

23.    The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

Dated: July 7, 2016

**GREENBERG TRAURIG, LLP**

By:    /s/ Michael R. Hogue
      JACOB BUNDICK, ESQ.
      Nevada Bar No. 9772
      MICHAEL R. HOGUE, ESQ.
      Nevada Bar No. 12400
      3773 Howard Hughes Parkway
      Suite 400 North
      Las Vegas, Nevada  89169
      Telephone:(702) 792-3773
      Facsimile: (702) 792-9002
      Emails:    bundickj@gtlaw.com
                 hoguem@gtlaw.com
      *Attorneys for Defendant Nationstar Mortgage, LLC*

Dated: July 7, 2016

**HAINES & KRIEGER, LLC**

By: /s/ David H. Krieger
    DAVID H. KRIEGER, ESQ.
    Nevada Bar No. 9086
    8985 S. Eastern Avenue
    Suite 130
    Henderson, NV  89123
    Phone:  702-880-5554
    Fax:  702-383-5518
    Email:  dkrieger@hainesandkrieger.com

**THE DANN LAW FIRM CO., L.P.A.**
    DANIEL M. SOLAR, ESQ.
    Ohio Bar No.  0085632
    P.O. Box 6031040
    Cleveland, OH 44103
    Phone:  216-373-0539
    Fax:  216-373-0536
    Email:  notices@dannlaw.com
    *Pro Hac Vice pending*

    *Attorneys for Plaintiffs Murray D. Ford and Georgina Ford*

## ORDER

IT IS SO ORDERED.

US MAGISTRATE JUDGE

DATED: July 19, 2016

LV 420727656v1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 7th day of July, 2016, a true and correct copy of the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

David H. Krieger, Esq.
Haines and Krieger, LLC
8985 S. Eastern Avenue
Suite 350
Henderson, Nevada 89123
dkrieger@hainesandkrieger.com

THE DANN LAW FIRM CO., L.P.A.
DANIEL M. SOLAR, ESQ.
Ohio Bar No.  0085632
P.O. Box 6031040
Cleveland, OH 44103
Phone:  216-373-0539
Fax:  216-373-0536
 notices@dannlaw.com

_____/s/ Natalie Young_____
An employee of Greenberg Traurig, LLP

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

Page 1

*LV 420727656v1*