UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MURRAY D. FORD AND GEORGINA FORD
      Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC

      Defendant.
_____

Case No.: 2:16-cv-00344-RFB-PAL

**JOINT PRETRIAL ORDER**

**IT IS ORDERED:**

**I.**

*Murray D. Ford and Georgina Ford v. Nationstar Mortgage, LLC*
**Case No.:** *2:16-cv-00344-RFB-PAL*

**II.**

**Attorneys for Plaintiffs, Murray and Georgina Ford**

    David Krieger, Esq.
    HAINES & KRIEGER, LLC
    8985 S. Eastern Avenue #350
    Henderson, NV 89123
    Phone:(708) 880-5554

    George Haines, Esq.
    HAINES & KRIEGER, LLC
    8985 S. Eastern Avenue #350
    Henderson, NV 89123
    Phone:(708) 880-5554

    Marc E. Dann
    THE DANN LAW FIRM CO., L.P.A.
    P.O. Box 6031040
    Cleveland, OH  44103
    (216) 373-0539
    Fax (216) 373-0536

Daniel M. Solar
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
(216) 373-0539
Fax (216) 373-0536

Donna Taylor-Kolis (application for *pro hac vice to be submitted*)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
(216) 373-0539
Fax (216) 373-0536

**Attorneys for Defendant, Nationstar Mortgage, LLC**

Jeffrey Tillotson
Jonathan R. Patton
Tillotson Law, PC
750 N. St. Paul Street
Suite 600
Dallas, TX 75201
Tel:  (214) 382-3040
Fax: (214) 501-0731

Gary E. Schnitzer, ESQ
Kimberly A. Hyson, ESQ
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Avenue Suite 200
Las Vegas, NV 89123
Tel: (702) 362 - 6666
Fax: (702) 362- 2203

### III.

The parties agree that this Court has subject matter jurisdiction over this case. Jurisdiction is conferred pursuant to 28 U.S.C. §1331 the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et *seq*. (RESPA) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA). Plaintiff further contends that this action is specifically filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.35 *et seq*., of Regulation X. Defendant does not dispute that this Court has subject matter jurisdiction but has contested whether the cited regulations provide a private right of action.

The parties agree that this Court has supplemental jurisdiction to hear any and all state law claims pursuant to 28 U.S.C.  §1367.

The parties agree that venue lies in this District pursuant to 28 U.S.C. §1391 as the Fords maintain the Property as their primary residence.

## IV.

This is an action arising out of Nationstar Mortgage, LLC's alleged violations of:

(1) RESPA, 12 U.S.C. § 2605, *et seq*.; and Regulation X of RESPA, 12 C.F.R. § 1024.35 (d) (Counts 1 and 2) (both counts dismissed);
(2) RESPA, 12 U.S.C. § 2605, *et seq*.; and Regulation X of RESPA, 12 C.F.R. § 1024.35 (e)(1) (Counts 3 and 4);
(3) FDCPA, 15 U.S.C. § 1692, *et seq*.; (Count 5)
(4) Nevada common law for breach of contract (Count 6) (dismissed);
(5) Nevada common law for the beach of the implied covenant of good faith and fair dealing; (Count 7)
(6) and, Nevada Revised Statute 41.1395 (elder abuse) (Count 8) (dismissed).

**PLAINTIFF'S POSITION:**

Plaintiffs Murray and Georgina Ford (the "Fords" or "Plaintiffs") assert that Defendant Nationstar Mortgage, LLC ("Nationstar"), during their actions as the servicer for the Fords' mortgage loan on their home, repeatedly failed to properly handle a settlement agreement arising from Adversary Proceeding No. 14-01034-MKN in the United States Bankruptcy Court for the District of Nevada which was centered around a failure to properly apply payments to the loan in accordance with a modification entered into with the predecessor servicer. The Fords made timely payments in accordance with the modification and the settlement agreement, yet Nationstar failed to properly apply such payments; subsequently improperly claiming the Fords were delinquent in their obligations and imposing various fees as a result of such.  The Fords sent multiple notices of error pursuant to 12 C.F.R. § 1024.35 in an attempt to have Nationstar correct these servicing errors, but the errors were not corrected in response to such correspondences.  As a result of Nationstar's refusal to correct their servicing errors and threatening foreclosure, the Fords filed the instant action.

**DEFENDANT'S POSITION:**

This case arises from an unintentional and inadvertent mistake made by Nationstar in connection with servicing Plaintiffs' mortgage loan.  Nationstar mistakenly misapplied a settlement payment due Plaintiffs by allocating too much of the payment to Plaintiffs' escrow account and not enough to the delinquent principal owed on the loan.  This mistake led Nationstar to mistakenly believe that the Plaintiffs were still delinquent on their mortgage.  Once the mistake was discovered, Nationstar fully corrected it and even applied some of its own funds to bring Plaintiffs' mortgage loan current.

The mistake was caused in part by the complicated nature of Plaintiffs' loan (which had been in bankruptcy; had been modified by another servicer and involved a somewhat unusual loan terms).  While this does not excuse Nationstar's error, it does show that the mistake was inadvertent and occurred despite the fact that Nationstar has in place procedures designed to ensure these types

of mistakes do not occur. Nationstar denies that failed to respond to notices sent by the Fords but acknowledges that its responses were in error based on its good faith belief that the loan was delinquent and that all payments had been properly applied. Nationstar further disputes that it breached any obligation of good faith and fair dealing because, at the time, it believed it was complying with all of its obligations.

### V.

It is estimated that the trial will last no longer than five (5) days. A jury trial has been requested.

### VI.

The parties have not consented to a trial by a magistrate judge.

### VII.

Any Stipulations or Agreed Statements of Fact or Law to which all parties consent.

**STIPULATED FACTS:**

1. In August 2004, Plaintiffs took out a note and deed of trust (collectively, the "Loan") on their home at 3204 Grey Dolphin Drive, Las Vegas, Nevada 89117. (ECF No. 1, at ¶¶ 1, 4, 20.)
2. A Bank of America affiliate originated and initially serviced the Loan. (ECF No. 1, at ¶ 25; Ex. A, Note.)
3. The Fords ultimately defaulted on the Loan, and filed for bankruptcy in November, 2009, in order to keep their home. (ECF No. 1, at ¶¶ 23-24.)
4. As a result, Plaintiffs entered into a Loan Modification Agreement (the "Modification") with Bank of America in April, 2010. (ECF No. 1, at ¶ 2; ECF No. 1-4, at pp. 5-7.)
5. The Modification rolled $22,892.22 of delinquent interest, fees, and costs into the Loan principal and converted the Loan into a step rate loan, in which the interest rate on Plaintiffs' Loan would increase from 2.000% to 3.000% on specified dates between June 1, 2010 and June 1, 2015; Plaintiffs' monthly payment would increase from $644.87 to $967.30 on those same dates; and those monthly payments would be interest-only (i.e., they would not decrease the principal of the loan). (ECF No. 1, at ¶ 27; ECF No. 1-4, at p. 5.)
6. Plaintiffs were also responsible for making monthly escrow payments to cover taxes and insurance on their home, but the Modification does not specify the amount of those escrow payments or otherwise discuss them. (See ECF No. 1-4, at pp. 5-7.)
7. The amount necessary for Plaintiffs' escrow account was based upon the applicable taxes, property value, and insurance costs. Nationstar is required as servicer to collect the escrow amounts until such sums are paid out to the applicable third parties (e.g., the state or local government and insurer). Escrow amounts change regularly, and Nationstar does not keep any unused funds in escrow accounts. Instead, such funds are applied year over year for the benefit of the borrower or, as may be otherwise required, returned to the borrower. (ECF No. 50, Ex. B, Decl. of K. Trompisz, at ¶ 5.)
8. On July 1, 2013, Nationstar began servicing Plaintiffs' Loan. (ECF No. 1, at ¶ 5.)

9. Nationstar does not now and has never owned the Loan; that is Nationstar has never been the lender on the loan.
10. In February, 2014, Plaintiffs filed an Adversary Complaint in their bankruptcy against Bank of America and Nationstar, complaining of errors made in the servicing of their account while Bank of America was the servicer. (ECF No. 1, at ¶ 36.)
11. On or about March 13, 2015, the Fords, Bank of America, and Nationstar settled the Adversary Complaint. To that end, the parties entered into a confidential settlement. (ECF No. 1, at ¶ 37; ECF No. 50, Ex. C, Settlement Agreement.)
12. Bank of America and Nationstar made their respective payments to provide the Settlement Payment to Plaintiffs. As also required, the Holdback Payment was applied to Plaintiffs' Loan. Plaintiffs kept the remaining Settlement Payment. (ECF No. 50, Ex. B, at ¶ 6.)
13. However, in applying the Holdback Payment, Nationstar used a different escrow calculation than had been previously used. This new calculation increased the amount of the escrow, and thus a larger share of the Holdback Payment was applied to the escrow.
14. This also resulted in less of the Holdback Payment being applied to outstanding principal and interest. As a result, despite the Holdback Payment, Nationstar claimed Plaintiffs owed additional amounts.
15. Believing Plaintiffs to be delinquent, Nationstar then erroneously deemed the subsequent monthly payments as insufficient to bring the account current, which in turn caused any payments by Plaintiffs to be placed into a suspense account before being applied.
16. On or about July 13, 2015, Plaintiffs' attorney sent Nationstar a letter, which he followed with a "Request for Information Pursuant to 12 C.F.R. § 1024.36" (the "RFI") on August 31, 2015, expressing concerns about the Loan and seeking information concerning it, including a transaction history and payoff statement. (ECF No. 1, at ¶¶ 50-51.)
17. Nationstar responded to Plaintiffs' correspondence on September 9, 2015, stating that Nationstar had identified no errors on Plaintiffs' Loan. (*Id*., at ¶ 53; ECF No. 1-13; ECF No. 50 Ex. D, at 72:15-73:8.)
18. Nationstar's September 9, 2015 letter also included the Detail Transaction History Plaintiffs had requested, and invited Plaintiffs to provide additional documentation if they still believed there was an error on their Loan. (ECF No. 1, at ¶ 54; ECF No. 1-13.)
19. Nationstar provided Plaintiffs with the requested payoff statement on or about September 22, 2015. (ECF No. 1, at ¶ 58; ECF No. 1-14.)
20. On or about September 26, 2015, Plaintiffs still believing there were errors on their Loan took Nationstar up on its invitation to provide additional documentation through a "Notice of Error(s) pursuant to 12 C.F.R. § 1024.35(b); and Request for Information pursuant to 12 C.F.R. § 1024.36" ("NOE #1"), which Plaintiffs sent to Nationstar via Certified Mail. (ECF No. 1, at ¶ 60; ECF No. 1-16.)
21. Just four days later, on September 30, 2015, Plaintiffs sent another "Notice of Error(s) pursuant to 12 C.F.R. § 1024.35(b); and Request for Information pursuant to 12 C.F.R. § 1024.36" ("NOE #2"), again via Certified Mail. (ECF No. 1, at ¶ 68; ECF No. 1-17.)
22. NOE #2 was virtually identical to NOE #1; it merely reasserted the same errors alleged in NOE #1 and added one additional alleged error. (ECF No. 1, at ¶¶ 69-70.)
23. Plaintiffs allege that Nationstar received both NOE #1 and NOE #2 on the same day, on or around October 7, 2015. (Id., at ¶¶ 98, 118.)
24. Ultimately, still believing that there were errors with their Loan, Plaintiffs filed this lawsuit on February 19, 2016, alleging several statutory claims under federal law, as well as state-

     law claims for breach of contract, breach of the implied duty of good faith and fair dealing, and elder abuse. (ECF No. 1.)

25. As a result of the filing of this lawsuit, Nationstar conducted an even more thorough internal investigation of Plaintiffs' Loan that ultimately determined in November, 2016 that the escrow amount had been miscalculated which caused Plaintiffs' payments to be placed into suspension before being applied, and led to each and every one of the "errors" Plaintiffs identified in their NOEs and this lawsuit, including the alleged inaccurate statements, charges, and fees described in Count Five of Plaintiffs' Complaint. (ECF No. 50, Ex. D, at 78:16-79:1, 80:19-81:21; ECF No. 50, Ex. B, at ¶¶ 8-9)
26. If not for the escrow miscalculation, each of the inaccurate statements, charges, and fees would have been accurate. (Ex. B, at ¶¶ 8-9.)
27. Upon discovering the escrow miscalculation, which was after the instant litigation was commenced, Nationstar corrected the calculation, and re-applied Plaintiffs' payments correctly with any and all late fees, charges, and penalties resulting from the escrow miscalculation have been removed (ECF No. 50, Ex. D, at 41:13-42:9, 65:14-22; ECF No. 50, Ex. B, at ¶ 9.)
28. The April 2015 settlement payment would have brought the Fords' Loan current, thus eliminating the need to use an escrow calculation that was premised on them being delinquent. (ECF No. 48, Ex. E, at 85:2-11; 86:14-20.)

**VIII.**

**PLAINTIFFS' WITNESSES:**

    **Murray Ford**
    c/o David Krieger, Esq.
    HAINES & KRIEGER, LLC
    8985 S. Eastern Avenue #350
    Henderson, NV 89123
    Phone:(708) 880-5554
    dkrieger@hainesandkrieger.com

    **Georgina Ford**
    c/o David Krieger, Esq.
    HAINES & KRIEGER, LLC
    8985 S. Eastern Avenue #350
    Henderson, NV 89123
    Phone:(708) 880-5554
    dkrieger@hainesandkrieger.com

    **Heather Simonsen**
    878 Melbourne Court
    Farmington, UT 84025
    Phone: (801) 205-7599

**Jeff Simonsen**
878 Melbourne Court
Farmington, UT 84025
Phone: (801) 205-7599

**Barbara Simonsen**
1665 Deer Crest Drive
Fruit Heights, UT 84037
Phone: (801) 719-8996

**Spence Simonsen**
1665 Deer Crest Drive
Fruit Heights, UT 84037
Phone: (801) 719-8996

**Keith Beagles**
3208 Ivory Coast Drive
Las Vegas, NV 89117
Phone: (702) 481-7884

**Dorothy Beagles**
3208 Ivory Coast Drive
Las Vegas, NV 89117
Phone: (702) 481-7884

Plaintiffs' foregoing witnesses will provide eyewitness testimony as to the damages the Fords suffered during the pendency of the modification process and subsequent lawsuit that followed. These witnesses will testify as to the stress, emotional and mental pain and suffering that the Plaintiffs sustained throughout this process.

**Kristen Trompisz**, Corporate Representative of Nationstar Mortgage, LLC
**If Ms. Trompisz cannot personally appear for the trial, Plaintiffs reserve the right to play the video depositions of Ms. Trompisz held on January 12, 2017 and March 22, 2017 in their entirety*

**Erika Phillips**, Employee of Nationstar Mortgage, LLC
**Langley Chatman**, Employee of Nationstar Mortgage, LLC

**DEFENDANT'S WITNESSES:**

   **Murray Ford**
   c/o David Krieger, Esq.
   HAINES & KRIEGER, LLC
   8985 S. Eastern Avenue #350
   Henderson, NV 89123
   Phone:(708) 880-5554
   dkrieger@hainesandkrieger.com

   **Georgina Ford**
   c/o David Krieger, Esq.
   HAINES & KRIEGER, LLC
   8985 S. Eastern Avenue #350
   Henderson, NV 89123
   Phone:(708) 880-5554
   dkrieger@hainesandkrieger.com
   (LIVE)

Mr. and Mrs. Ford are the plaintiffs and will provide testimony regarding their mortgage loan, their dealings with Bank of America and Nationstar; any damages they contend they suffered and other matters discussed in their deposition.

   **Heather Simonsen**
   878 Melbourne Court
   Farmington, UT 84025
   Phone: (801) 205-7599

   **Jeff Simonsen**
   878 Melbourne Court
   Farmington, UT 84025
   Phone: (801) 205-7599

   **Barbara Simonsen**
   1665 Deer Crest Drive
   Fruit Heights, UT 84037
   Phone: (801) 719-8996

   **Spence Simonsen**
   1665 Deer Crest Drive
   Fruit Heights, UT 84037
   Phone: (801) 719-8996

**Keith Beagles**
3208 Ivory Coast Drive
Las Vegas, NV 89117
Phone: (702) 481-7884

**Dorothy Beagles**
3208 Ivory Coast Drive
Las Vegas, NV 89117
Phone: (702) 481-7884

(All LIVE)
These witnesses may provide testimony regarding the Plaintiffs.

**Kristen Trompisz**, Corporate Representative of Nationstar Mortgage, LLC
c/o Jeff Tillotson
Tillotson Law, P.C.
750 North St. Paul
Suite 600
Dallas, Texas 75201
(214) 382-3040
jtillotson@tillotsonlaw.com
(LIVE)

Ms. Trompisz is Nationstar's corporate representative. She will testify about the matters set out in her depositions and declaration (provided in support of Nationstar's motion for summary judgment).

**Erika Phillips**, Employee of Nationstar Mortgage, LLC
**Langley Chatman**, Employee of Nationstar Mortgage, LLC
c/o Jeff Tillotson
Tillotson Law, P.C.
750 North St. Paul
Suite 600
Dallas, Texas 75201
(214) 382-3040
jtillotson@tillotsonlaw.com
(LIVE or by DEPOSITION)

These two are Nationstar employees. They will testify about the matters set forth in their depositions.

Dr. Robert Whipple
201 N. Buffalo Drive
Las Vegas, NV 89145
(702) 242-2737
(LIVE)

Dr. Kenneth McKinnon
351 N. Buffalo Drive
Las Vegas, NV 89145
(702) 505-4230
(LIVE)

These two individuals are doctors who may provide testimony about the condition of Plaintiffs and whether they received any medical attention related to any claim in this case.

## IX.

**Counter-Designations or Objections**

## X.

A list (by each party) of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any grounds.

**Plaintiffs' Exhibits**

A. Nationstar Mortgage Payoff Statement (09/28/2015) **
B. US Bankruptcy Court, District of Nevada, Notice of Bankruptcy Case Filing (11/15/2009) **
C. US Bankruptcy Court, District of Nevada, Discharge of Debtor After Completion of Chapter 13 Plan (03/22/2013) **
D. Email Thread Concerning Proposed Settlement with Nationstar *
E. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $4,419.72 for January – April payments (04/04/2015) **
F. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $1,104.94 for the May payment (04/27/2015) and email correspondence from Counsel Attorney David Krieger advising clients to make the January – April payment and normal monthly payments to Nationstar Mortgage via regular mail. *
G. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $1,104.94 for the June payment (05/27/2015) and request from Murray Ford to Nationstar to start sending statements. **
H. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $1260.34 for the July payment (07/05/2015) and request from Murray Ford to Nationstar to start corresponding. **
I. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $1260.34 for the August payment (07/28/2015) and request from Georgina Ford to Nationstar to send statements. **
J. Nationstar's Response to RFI (09/10/2015) *

    K. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $1260.84 for the September payment (09/25/2015) *
    L. Notice of Error #1 to Nationstar (09/26/2015) *
    M. Notice of Error #2 to Nationstar (09/30/2015) *
    N. Bank of America Loan Modification (04/19/2010) **
    O. Bank of America Change in Loan Servicer to Nationstar Letter (06/10/2013) **
    P. SEC- 10-Q Nationstar Mortgage, LLC
    Q. Video Deposition Transcripts dated December 16, 2016.
    R. Video Deposition Transcripts dated December 29, 2016.
    S. Video Deposition and Transcripts of Kristin Trompisz dated January 12, 2017
    T. Video Deposition and Transcripts of Kristin Trompisz dated March 22, 2017.
    U. Deposition Transcript of Erika Phillips dated March 22, 2017.
    V. Deposition Transcript of Langley Chatman dated March 22, 2017.
    W. Copy of Settlement Agreement (MSJ Exhibit C) **
    X. Copy of Letterthreatening foreclosure (NAT00919-NAT00926) *

**Defendant's Exhibits**

    A. Plaintiff's Original Note (Exhibit A to MSJ).*
    B. Plaintiff's Mortgage and Deed of Trust.*
    C. US Bankruptcy Court, District of Nevada, Notice of Bankruptcy Case Filing (11/15/2009) (Exhibit A to Complaint).**
    D. Summary of Loan Modification (4/19/2010) (NAT00050).*
    E. Loan Modification (NAT00054) US Bankruptcy Court, District of Nevada, Discharge of Debtor After Completion of Chapter 13 Plan (03/22/2013) (Exhibit C to Complaint).**
    F. Email Thread Concerning Proposed Settlement with Nationstar (Depo. Exhibit 5).
    G. Copy of Personal Check from Murray Ford to Nationstar Mortgage in the sum of $4,419.72 for January – April payments (04/04/2015).*
    H. 9/9/2015 letter from L. Chatman to Fords re receipt of Correspondence (Depo. Exhibit 8).
    I. 9/25/2015 Chatman letter to Krieger (Depo. Exhibit 15).
    J. 11/17/2015 Letter from Phillips to Krieger (Depo. Exhibit 17).
    K. Nationstar Policies Regarding Escrows (Depo. Exhibit 10).*
    L. Nationstar Control Standards (Depo. Exhibit 11).*
    M. Collection History Profile (Depo. Exhibit 12).*
    N. Detail Transaction history (Depo. Exhibit 13).*
    O. Bank of America Change in Loan Servicer to Nationstar Letter (06/10/2013).**
    P. Nationstar Welcome Letter.**
    Q. Settlement Agreement with Bank of America (MSJ Exhibit C).**
    R. September 2017 Monthly Statement for Mortgage Loan.*
    S. Notice of Changes from Nationstar re Interest Rates (NAT00017-22).*
    T. Statement dated 2/14 (NAT00033 and NAT00038).*
    U. Statement dated 2014 (NAT00039).*
    V. Statement dated 2015 (NAT00041).*
    W. Nationstar letter dated 7/28/2015 (NAT00243).*
    X. Credit Report (NAT00837-846).*

**APPROVED AS TO FORM AND CONTENT:**

/s/ Marc E. Dann
Signature of Attorney for Plaintiffs

/s/ Jeffrey M. Tillotson
Signature of Attorney for Defendant

XI.

**ACTION BY THE COURT**

This case is set for court/jury trial on the fixed/stacked calendar on  May 29, 2018 at 9:00 AM, Courtroom 7c

Calendar call will be held on  May 16, 2018 at 3:00 PM in LV Courtroom 7C.

    This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED:  April 6, 2018        .

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE